## UNITED STATES, to Use of CORNISH, v. NEW AMSTERDAM CASUALTY CO. (LUCENTI, Third-Party Defendant).
### Civil Action No. 2783.

District Court, W. D. Pennsylvania.

July 19, 1944.

Alter, Wright & Barron and George F. Taylor, all of Pittsburgh, Pa., for Ralph E. Cornish.

James M. McCandless and Patterson, Crawford, Arensberg & Dunn, all of Pittsburgh, Pa., for third-party plaintiff.

184

William L. Jacob and C. W. Sypniewski, all of Pittsburgh, Pa., for third-party defendant.

GIBSON, District Judge.

On June 22, 1942, the Defense Plant Corporation, acting by the Carnegie-Illinois Steel Corporation, contracted in writing with Angelo Lucenti, doing business as the Meade Construction Company, to furnish labor and other services necessary for the relocation of certain water lines in the Borough of Homestead, as per specifications itemized in the contract.

The New Amsterdam Casualty Company, defendant herein, as surety, and Angelo Lucenti, as principal, delivered their joint and several Performance Bond to the Carnegie-Illinois Steel Corporation, acting for the Defense Plant Corporation, conditioned for the faithful performance of the contract.

Under date of January 20, 1943, Angelo Lucenti entered into a written contract with Ralph E. Cornish, doing business as the Cornish Construction Company, whereby a portion of the aforesaid contract was sublet to said Cornish Construction Company. The plaintiff, Cornish, asserts that he has completed his part of the contract, but that Lucenti has defaulted in his performance, and has brought his action against the New Amsterdam Casualty Company, Lucenti's surety, to recover the amount he alleges to be due him, $14,-824.97, with interest. The surety has brought in Lucenti as third-party defendant.

The New Amsterdam Casualty Company moved for a preliminary hearing under Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon its allegation that the action had been prematurely brought. A judge of this court directed that a hearing be set for the purpose of determining that issue and, pursuant to stipulation of the parties, the hearing was duly held.

The contract between the Carnegie-Illinois Steel Corporation, acting for the Defense Plant Corporation, and Angelo Lucenti, trading as the Meade Construction Company, requires that the work be performed to the entire satisfaction of the Carnegie-Illinois Steel Corporation. The contract between the Carnegie-Illinois Steel Corporation and Lucenti requires acceptance on the part of the Corporation, and the evidence at the hearing disclosed that no acceptance or approval of the work had ever been given by any engineer or other person authorized to represent either the Steel Corporation or the Defense Plant Corporation. In the absence of such acceptance, and no proper allegation to explain or offset it, the complaint fails to set forth a cause of action upon which relief can be granted. It appears from the testimony that after he had completed his part of the contract on May 13, 1943, as he claims, the Carnegie-Illinois Steel Corporation declared the contract of Lucenti to be in default; and the surety, pursuant to notice of the default, was required to perform certain labor on the job. Despite this fact, neither the Carnegie-Illinois Steel Corporation nor the Defense Plant Corporation has finally or formally accepted the work, or made payment therefor.

After due hearing, and adopting the findings of fact and conclusions of law hereinbefore set forth and now referred to and made a part hereof, the court orders that the complaint in the above entitled cause be, and hereby is, dismissed by reason that it fails to set forth a cause of action upon which relief may be granted.